This is a motion by plaintiff under Rule 152(b) for relief from an order of June 21, 1979, dismissing the petition based on the parties’ stipulation of dismissal with prejudice.
This suit was brought to recover penalties paid for failure tp make timely deposit and payment of unemployment and social security taxes during a period from 1970-73. Plaintiff, a federal government contractor, alleged as excuse that wrongful delays in contract payments by the Government left plaintiff with insufficient funds to pay the tax. Plaintiffs financial condition at the time in dispute is thus a crucial issue in the case and discovery has largely been directed towards that issue.
Discovery has been repeatedly thwarted and delayed, however, because many of plaintiffs records have allegedly been destroyed and plaintiffs president, Mr. Michael, has been unavailable. Mr. Michael is the only officer of the corporation who can furnish the necessary information. These delays resulted in the issuance of an order to show cause why the action should not be dismissed for lack of prosecution. The order was discharged on October 16,1978, on the condition that Mr. Michael appear for the taking of his deposition that day, which he did.
Plaintiff then agreed to hire an accountant to produce an accounting statement based on certain checks that were available. Later it was indicated that the services of an accountant could not be obtained and plaintiff offered to have the Government examine the checks for itself. Instead defendant moved for an order directing plaintiff to produce an accounting statement.
On February 23, 1979, the trial judge granted the motion, ordering plaintiff to produce an accounting state *870 ment within 90 days or else face another recommendation for the issuance of an order to show cause why the suit should not be dismissed for lack of prosecution.
The 90 days elapsed without plaintiffs compliance with the order. Counsel for the parties then entered into a stipulation of dismissal with prejudice which was filed, and the petition was dismissed on June 21, 1979.
On June 26, 1979, plaintiff filed the present motion for relief from the order of dismissal.
Jurisdiction exists to decide a motion for relief from an order of this court. Carney v. United States, 199 Ct. Cl. 160, 163, 462 F. 2d 1142, 1144 (1972) (dicta). A dismissal with prejudice acts as an adjudication on the merits so the requirement of a final order in Rule 152(b) is satisfied. The motion, filed 5 days after the order, is timely.
In order to succeed on this motion, plaintiff must show two things. One, that there are adequate grounds for setting aside the stipulation of dismissal. Two, given the context in which the stipulation was entered into, namely, the imminent recommendation of dismissal, plaintiff must show adequate grounds for not dismissing the suit for lack of prosecution and failure to follow a court order.
As to the first issue, plaintiff claims that plaintiffs counsel had not heard from Mr. Michael during the entire 90-day period following the February 23 order although counsel continually advised Mr. Michael of the time limitation in that order. After the 90 days had elapsed, plaintiffs counsel presumed plaintiff desired to abandon the case and so mistakenly signed the stipulation of dismissal. What plaintiff means by "mistakenly” is not clear. There is a long standing rule that a party may set aside a dismissal based on the unauthorized consent of the party’s attorney, United States v. Beebe, 180 U.S. 343 (1901), but plaintiff does not even allege lack of authority here and it will not be presumed.
As to the issues of failure to prosecute and failure to follow a court order, plaintiff alleges that Mr. Michael was detained overseas because of the extended illness and death of an immediate family member, and so had been unable to prepare the information ordered by the trial judge. However, this does not explain why plaintiff did not seek an extension of time, nor why Mr. Michael never even *871 communicated with plaintiffs counsel. Given the many previous delays and the fact that the case has progressed little since the petition was filed nearly 4 years ago, it appears there is no serious interest in prosecuting this suit. Plaintiff has wasted the resources of this court and has failed to establish adequate excuse for its failure to prosecute.
it is therefore ordered that on both grounds the motion for relief from the order of dismissal is denied.